**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4214**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOHNNY L. DOWDY, JR., a/k/a Supreme,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.    Thomas E. Johnston,
District Judge.  (2:02-cr-00165-1)

Submitted:  September 11, 2014       Decided:  September 23, 2014

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joel M. Bondurant, Jr., BONDURANT LAW FIRM, Atlanta, Georgia,
for Appellant.   R. Booth Goodwin, II, United States Attorney,
John J. Frail, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny L. Dowdy, Jr., was convicted of aiding and abetting possession with intent to distribute more than five grams of cocaine base, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2012), and was sentenced to 151 months' imprisonment, a consecutive term of sixty months' imprisonment, and two concurrent five-year terms of supervised release. During this period of supervision, Dowdy pled guilty in North Carolina state court to failing to notify the Department of Motor Vehicles of an address change and having improper equipment, failed to report to his probation officer, failed to notify his probation officer ten days prior to a change in his residence, left the district in which he was being supervised without permission, and obstructed a police officer in West Virginia. The district court also determined that Dowdy committed battery in West Virginia while on supervised release, revoked that release, and sentenced Dowdy to fourteen months' imprisonment and forty-six months of supervised release.

On appeal, Dowdy contends that the district court erred in admitting hearsay evidence from the victim of the alleged battery. Specifically, Dowdy argues that the court failed to comply with Fed. R. Crim. P. 32.1(b)(2)(C) and

2

United States v. Doswell, 670 F.3d 526 (4th Cir. 2012), when it admitted into evidence the victim's statements to police officers without balancing his interest in confronting the victim against the Government's proffered reason for the victim's non-appearance at the revocation hearing. We affirm.

We review a district court's ruling to admit hearsay evidence during a supervised release revocation hearing for abuse of discretion. United States v. Medford, 661 F.3d 746, 751 (4th Cir. 2011). "Supervised release revocation hearings are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied." Doswell, 670 F.3d at 530. However, due process affords a releasee a limited right "to confront and cross-examine adverse witnesses" at a revocation hearing "unless the hearing officer specifically finds good cause for not allowing confrontation." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Prior to admitting hearsay evidence in a revocation hearing, "the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." Doswell, 670 F.3d at 530. Further, the due process guarantee is embodied in the procedural rule that a releasee is "entitled to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear."

3

Fed. R. Crim. P. 32.1(b)(2)(C). However, evidentiary rulings are subject to harmless error review, such that any error is harmless where we may "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted); see United States v. Ferguson, 752 F.3d 613, 618 (4th Cir. 2014) (stating that a district court's violation of Rule 32.1(b)(2)(C) is "properly understood as a garden-variety evidentiary mistake, not a constitutional one" and that the proper test for harmlessness ensures that the error had "no substantial and injurious effect or influence on the outcome" (internal quotation marks omitted)).

Applying these standards, we conclude that, regardless of whether the hearsay evidence was properly admitted, any alleged error was harmless. Dowdy does not contend that the district court lacked sufficient grounds to revoke his supervised release or that he should not be serving a revocation prison term. Rather, Dowdy argues that the district court's battery finding was the "determinative factor" underlying the revocation sentence. We reject this contention as it lacks support in the record. All of Dowdy's violations of supervised release were Grade C violations, U.S. Sentencing Guidelines

4

Manual § 7B1.1(a)(3), p.s. (2013), and the district court relied on a host of circumstances — including Dowdy's violative behavior and criminal history, the need for the sentence to protect the public, and the appropriateness of sanctioning Dowdy's breach of trust while on release — in imposing sentence within the advisory policy statement range of eight to fourteen months' imprisonment. Further, on appeal, Dowdy does not challenge the propriety of his revocation sentence. We therefore conclude that any evidentiary error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED